[No. 14083. Department One. July 31, 1917.]

## J. L. WETHERBY, *Appellant*, v. E. M. MARK *et al.*, *Respondents*.[1]

PRINCIPAL AND AGENT—RELATION—TERMINATION—EVIDENCE—SUFFICIENCY—NOTICE OF CANCELLATION. The evidence sustains findings that an agency was mutually cancelled on February 13, and the matter kept secret to give the agent an opportunity to dispose of cars on hand, where a letter was written February 26, evidently referring to such previous arrangement and requesting return of the contract, which the agent acquiesced in; and in such case the agent cannot insist upon the ten days' notice of cancellation provided for in the contract of employment.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 25, 1916, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*George F. Hannan*, for appellant.

*James B. Murphy*, for respondents.

MORRIS, J.—The question here to be determined is when was a certain contract between the parties cancelled. Respondents are general agents for the sale of Oakland automobiles. They gave appellant an agency for the sale of these automobiles in Pierce county, under a written contract which reserved to respondents the right to cancel the contract at any time upon giving ten days' notice to appellant. Respondents contend, as found by the lower court, that the con-

[1]Reported in 166 Pac. 1143.

tract was cancelled by the mutual agreement of the parties on February 13, but that, at the request of appellant, the matter was kept secret in order to give appellant an opportunity to dispose of the cars then on hand. Appellant endeavored to dispose of his business to Foulks & King. The parties could not agree upon the terms, and about February 26, 1916, respondents made a selling arrangement with Foulks & King under which two cars were delivered. On March 2, respondents sold four cars to a resident of Puyallup. Appellant then brought this action for commission on the sale of these six cars. If his contract was still in force at the time of the sale, he would be entitled to recover, otherwise not.

On February 26, respondents wrote the following letter to appellant:

"Seattle, Wash., February 26, 1916.
"Mr. J. L. Wetherby,
     "Tacoma, Washington.
"Dear Mr. Wetherby:—Owing to the fact of your not being able to dispose of the Oakland cars in your territory during the past three months, and also of your decision not to continue the Oakland agency, it is with regret that I hereby notify you of the cancellation of your Dealer's Contract with the Northwestern Oakland Car Company, Seattle, in accordance with the conditions set forth in said contract, and I shall be pleased if you will return to us a copy of said contract now held by you. With best wishes for the future, we are,          Very truly yours,
          "Northwestern Oakland Car Company,
               "Per E. M. Mark."

Under this letter, appellant contends that his contract was not cancelled until ten days after the receipt of the letter, and as the cars were sold within that time, he is entitled to his commission. The case presents only a question of fact upon which the findings of the lower court are adverse to appellant. These findings are amply sustained by the evidence and it cannot be said there is a preponderance against

them.   The letter of February 26 is in itself evidence that the contract had been previously terminated and that the letter was intended, as contended by respondents, only as confirmation of prior negotiations.   The letter refers to appellant's "decision not to continue the Oakland agency."   This language can refer to nothing else other than to what had previously transpired between the parties on February 13. If appellant then surrendered his contract, he waived all rights under it and cannot insist on ten days' notice of its cancellation.   That clause applies only in case when respondents, exercising their right under the contract, desire to terminate it without the consent of appellant.   It does not apply to a situation such as is disclosed by the facts here, where appellant and respondents mutually rescinded and cancelled the contract.   The contract having been terminated prior to the sale of the six cars, appellant is not entitled to commission on such sale.

   Judgment is affirmed.

   ELLIS, C. J., MAIN, and CHADWICK, JJ., concur.